

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | Criminal Action No.: 3:17-cr-00175-MGL |
| § | |
| KOZIE KING, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Kozie King's (King) pro se letter to the Court inquiring whether he is eligible for relief pursuant to 34 U.S.C. § 60541(g) because of the COVID-19 pandemic. To the extent King asks for a new place of confinement, this is outside the Court's authority. *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons [BOP] shall designate the place of a prisoner's imprisonment). Instead, the Court will construe this letter as a motion to reduce King's sentence. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court King's motion to reduce his sentence will be dismissed without prejudice.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicted King on one count of knowingly and intentionally possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count

One); one count of knowingly using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime as charged in Count One in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Three), and a forfeiture account.

King pled guilty to Count One on July 26, 2017. The Court, on March 24, 2018, sentenced King to 188 months of imprisonment, and upon release, a term of supervised release for six years with conditions. Counts Two and Three were dismissed upon motion of the government. King is currently housed at Federal Correctional Institution McDowell (FCI McDowell), and has a projected release date on or about March 29, 2030.

King filed this motion, and the government responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And, third, a court may reduce a sentence "upon motion of the Director of the [BOP] . . . [provided the court] finds that . . . extraordinary and compelling reasons warrant such a

reduction . . . or . . . the defendant is at least [seventy] years of age, and has served at least [thirty] years in prison." *Id.* § 3582(c)(1)(A).

Under Section 3582(c)(1)(A), a defendant may file his own motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Additionally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[,]" *Id.*, and the court must consider the § 3353(a) factors in deciding whether to grant such a reduction.

### IV.     DISCUSSION AND ANALYSIS

King fails to argue either of the first two scenarios are applicable. Rather, he moves for a reduction solely on the basis of the third circumstance, alleging COVID-19 qualifies as an extraordinary and compelling reason to warrant relief.

King, in his motion, states "I would like to apply or find out if I'm eligible to receive any relief" because of the COVID-19 pandemic. King's Mot. at 1. According to the government, King "has not alleged that he has made a written request to the [W]arden for a sentence reduction and information received from the BOP confirms that no such request has been made." Government's Resp. in Opp'n at 5.

Because King fails to demonstrate to the Court he filed a petition with the Warden and exhausted all administrative remedies, he is unentitled, under the statute, to move for a sentence reduction on his own. Accordingly, the Court will dismiss his motion without prejudice.

IV.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court King's motion to reduce his sentence is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 28th day of April 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
